UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1443

EAST TENNESSEE NATURAL GAS COMPANY,

            Plaintiff - Appellee,

      v.

JERRY S. THOMAS,

            Defendant - Appellant,

      and

3.04 ACRES IN PATRICK COUNTY, VIRGINIA; BETTY B. THOMAS; C.
JERRY LOVE, Commissioner of Revenue; JOHN DOE, et al.;
UNKNOWN OWNERS,

            Defendants.

Appeal from the United States District Court for the Western
District of Virginia, at Danville.  Jackson L. Kiser, Senior
District Judge.  (4:02-cv-00146-jlk)

Argued: September 23, 2008        Decided: October 30, 2008

Before MOTZ and AGEE, Circuit Judges, and James C. CACHERIS,
Senior United States District Judge for the Eastern District of
Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Henry Evans Howell, III, WALDO & LYLE, Norfolk,
Virginia, for Appellant.  Lela Merrell Hollabaugh, WALLER,

LANSDEN, DORTCH & DAVIS, Nashville, Tennessee, for Appellee. **ON BRIEF:** Joseph T. Waldo, WALDO & LYLE, Norfolk, Virginia, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this condemnation action, the landowner Jerry Thomas appeals from a jury verdict following the district court's grant of a new trial. Thomas alleges that the district court abused its discretion by granting a new trial. Finding no abuse of discretion, we affirm.

I.

East Tennessee Natural Gas Company ("ETNG") filed this condemnation action against Betty and Jerry Thomas[1] on December 6, 2002. ETNG sought to condemn an easement for the construction and operation of an underground gas pipeline, part of which ran through the Thomases' 400 acres in Patrick County, Virginia. On May 8, 2003, the district court granted the easement pursuant to its equitable authority; we subsequently affirmed this ruling. See E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808 (4th Cir. 2004). Although Thomas then sold the land to John Hopkins for $1.25 million, he retained the right to any compensation for ETNG's taking.

The case proceeded to trial on October 10, 2005, with the amount of just compensation owed as the sole remaining issue.

---

[1] Betty Thomas died after the action was filed but before the first trial. Thus Jerry Thomas is now the sole defendant in interest.

3

At the first trial, the only direct evidence offered by the defendants was the testimony of Thomas Childress, a real estate appraiser. Childress opined that compensation in excess of one million dollars was appropriate. ETNG responded with several witnesses opining compensation values ranging from $0 to $63,000. The jury returned a verdict for $770,554. The district court granted ETNG's motion for a new trial, finding that this verdict was against the clear weight of the evidence and would result in a miscarriage of justice.

The second trial began on January 16, 2007. The parties presented different evidence to the new jury. Childress was not called; the defendants instead relied on two other appraisers, who similarly opined values over one million dollars. Most notably, ETNG offered the testimony of purchaser John Hopkins, who stated that the pipeline did not impact the purchase price he would have been willing to pay. ETNG also offered testimony from many of the witnesses that it had relied on in the first trial. At the conclusion of the six-day trial, the jury returned a verdict for $118,859. Thomas timely appeals, alleging error in the district court's grant of a new trial.[2]

---

[2] Thomas also alleges error in the district court's refusal to revoke its prior grant of a new trial. Under the circumstances of this case, this claim is identical to his claim of error in the grant of a new trial.

4

II.

We review a district court's grant of a new trial for abuse of discretion. See Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998). A district court may use its sound discretion to grant a new trial when (1) the verdict is against the clear weight of the evidence, (2) the verdict is based on evidence which is false, or (3) the verdict will result in a miscarriage of justice. See Conner v. Schrader-Bridgeport Int'l, Inc., 227 F.3d 179, 200 (4th Cir. 2000); Aetna Cas. & Sur. Co. v. Yeatts, 122 F.2d 350, 352–53 (4th Cir. 1941). The district court relied on the first and third grounds in its decision. In deciding whether or not to grant a new trial, a court may properly weigh the strength of the evidence and consider the credibility of witnesses. Conner, 227 F.3d at 200.

The district court described its reasons for granting a new trial at some length. In particular, the court provided a number of reasons that led it to doubt that the valuation of the landowners' primary witness, Thomas Childress, found support in reliable evidence. For example, the court noted that Childress's calculations assumed that the land was suitable for a golf course, even though the defendants had abandoned this position. In addition, Childress relied "largely on the opinions of others," including the landowners, in determining the compensation owed. In contrast, the district court found

that the witnesses offered by ETNG were "more substantive" and based their opinions on "specific data and facts." Given that these ETNG witnesses opined values much lower than the $770,554 award, the district court was within its discretion to hold that the verdict was against the clear weight of the evidence.

Thomas's contentions to the contrary are unavailing. Thomas first argues that the district court applied the wrong test for excessiveness of the verdict. This argument misconstrues the district court's opinion. Although the court noted that the verdict was "excessive," it did so in the course of reaching its conclusion that the verdict was against the clear weight of the evidence. The district court did not rest its decision solely on the excessiveness of the first verdict.

Thomas's second contention, that the district judge could not properly grant a new trial because the judge did not see all the evidence, is equally meritless. Thomas is correct that the district judge declined to travel with the jury to view the Thomases' land in person. But Thomas did not raise any objection to this decision at trial, and so he bears the burden of demonstrating that this decision constituted plain error. See In re Celotex Crop., 124 F.3d 619, 631 (4th Cir. 1997) (holding that correction of forfeited error in civil case required showing that, at minimum, the error was plain and affected substantial rights). In fact, it is clear from the

6

record that any error by the district court in refusing to visit the property was harmless.  The condemnation at issue was for an underground pipe, and Thomas does not explain how a viewing of the property would have affected the district court's opinion of the underground pipe.

Thomas's final contention, that sufficient evidence existed to support the jury's verdict, might present a close issue were we reviewing a grant of judgment as a matter of law.  Here, however, the district court did not direct a verdict for either party -- it merely granted a new trial.  To do so, the court did not need to conclude that the evidence insufficiently supported the verdict, but only that the verdict was against the clear weight of the evidence.

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

7